Frederic **MAZARIEGOS–SANTOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73437.

Agency No. A78–073–859.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 15, 2004.

Carolyn Reinholdt, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Allen W. Hausman, Attorney, Daniel E. Goldman, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Frederic Mazariegos–Santos, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals summarily affirming without opinion his appeal from an immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

judge's ("IJ") denial of his request for a continuance so he could file an application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion and will not reverse "except on a showing of clear abuse." *Rios–Berrios v. INS*, 776 F.2d 859, 862 (9th Cir.1985). We deny the petition.

The immigration court did not abuse its discretion when it denied Mazariegos–Santos's oral request for a continuance because the request, made by attorney Ronald Carter, was untimely and unsupported by good cause, Mazariegos–Santos had previously been granted several continuances, and Mazariegos–Santos failed to show prejudice as a result of the denial. *See* 8 C.F.R. § 1003.29 (IJ "may grant a motion for continuance for good cause shown."); *United States v. Zamora–Hernandez*, 222 F.3d 1046, 1049 (9th Cir.2000) ("must ... demonstrate at a minimum that he has suffered prejudice as a result of the denial of his request" for a continuance) (internal quotations omitted); *Baires v. INS*, 856 F.2d 89, 92–93 (9th Cir.1988) (setting forth factors to weigh when reviewing a denial of a continuance). Even if the IJ had granted a continuance the evidence Mazariegos–Santos might have offered could not be grounds upon which to grant relief. *See* 8 U.S.C. § 1255(a)(3) (immigrant visa must be "immediately available").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.